UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re

PURDUE PHARMA L.P., *et al.*,

                              Debtors.

---

AMANDA MORALES,

                              Appellant,

     -against-

PURDUE PHARMA L.P., *et al.*,

                              Appellees.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   3/09/2026

No. 25-CV-10158 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

Before the Court is *pro se* Appellant Amanda Morales' ("Appellant") Motion for Stay Pending Appeal. (ECF No. 40.) Therein, Appellant makes a variety of arguments, including that her underlying claims in this action involve a state-law wrongful death tort. (*Id*. at 2–3.) Debtors-Appellees Purdue Pharma L.P. ("Debtors-Appellees") oppose the Motion. (ECF No. 44.) While the Court understands that this action is important to Appellant, the Court must deny her Motion.

As a preliminary matter, and something the Court has reiterated in prior orders, this is a Bankruptcy appeal. Appellant must understand that the purpose of this appeal is so that the Court may determine whether the underlying Bankruptcy Court appropriately confirmed the Debtors-Appellees' plan. This is not an action based on tort state law, nor do such claims relate to this appeal. With that background, the Court moves to analyze whether Appellant satisfies the four necessary stay factors—(1) whether the stay applicant made a "strong showing" of likelihood of

success on the merits; (2) whether the stay applicant would be irreparably harmed absent a stay; (3) whether issuance of a stay would substantially injure other parties; and (4) where the public interest lies—and concludes that each weighed against imposition of a stay. *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 169 (2d Cir. 2007).

At this juncture, it is difficult for Appellant to demonstrate that she will suffer irreparable injury absent a stay.  Appellant primarily argues that she will be deprived of a jury right with respect to her wrongful death claims.  (ECF No. 40 at 10.)  But that is incorrect.  Whether the Court proceeds with ruling on the merits of this appeal—which is currently stayed in light of Debtors-Appellees' Motion for Consolidation—will not affect Appellant's prospective rights to seek relief.[1] The Court acknowledges that Appellant is barred from suing the Debtors-Appellees, and other related parties, until after the expiration of the underlying temporary injunction.  However, if the Court were to stay this action, it would have the opposite effect that Appellant seeks, as it would only delay her from seeking future potential claims.  Nor does Appellant's argument that her appeal may be rendered equitably moot fare better.  *See In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 682 (Bankr. S.D.N.Y. 2016).

Moreover, if the Court were to stay this appeal, not only would the Debtors-Appellees be greatly harmed, (ECF No. 44 at 5), "the Federal Government, thousands of municipalities, and tens of thousands of voters who voted to accept [the confirmation] plan, as well as every organized creditor group" would potentially be harmed (*see id.*, Ex A. 35:7–16.)  For similar reasons, Appellant cannot prove that a stay serves the public interest, as it will halt the recovery of billions of dollars in creditor recoveries, opioid abatement programs, and the creation of a public benefit

---

[1] The Court refrains from reviewing the potential merits of Appellant's claims as those claims are currently stayed. (ECF No. 19.)  Furthermore, those claims need not be addressed in resolving Appellant's Motion.

company dedicated to combatting the effects of the opioid crisis.  (ECF No. 44, Ex. A. at 35:19 –

23.)

For the foregoing reasons, the Court DENIES Appellant's Motion to Stay.  The Clerk of

Court is respectfully directed to mail a copy of this Order to *pro se* Appellant at the address listed

on ECF and to show service on the docket.

SO ORDERED,

Dated: March 9, 2026
      White Plains, NY

_____
Nelson S. Román, U.S.D.J.

3