USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/03/2026

UNITED STATES DISRTICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

**Appellee Purdue Master Disbursement Trust is directed to respond to Appellant Amanda Morales' letter motion by August 10, 2026. The Clerk of Court is respectfully directed to (1) terminate the motion at ECF No. 62; and (2) mail a copy of this Endorsement to *pro se* Appellant at the address listed on ECF, and to note service on the docket.**

**Dated: August 3, 2026**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

MEMO ENDORSED

Amanda Morales *Appellant*

V

Purdue Pharma L.L.P *Appellee*

Case No. 25-cv-10158

On Appeal from New York Southern District

Bankruptcy Court

**MOTION TO COMPEL AD HOC COMMITTEE TO COMPLY WITH BANKRUPCY RULE 2019**

Appellee Amanda Morales hereby respectfully submits this Motion to Compel Compliance with Federal Rule of Bankruptcy Procedure 2019 and for Sanctions (the "Motion") against the self-styled (the "Ad Hoc Committee"). In support of this Motion, Movant respectfully represents as follows:

## Preliminary Statement

1. This Court should compel the Ad Hoc Committee to comply immediately with Federal Rule of Bankruptcy Procedure 2019 or, in the alternative, strike its pleadings and refuse to recognize the group in these appellate and restructuring proceedings.
2. The Ad Hoc Committee has appeared collectively, retained joint counsel, and actively sought to [intervene as an appellee] to impact the administration of this estate. Despite taking distinct positions before the Court, the Ad Hoc Committee has failed to file the mandatory verified disclosure statement

detailing the names, addresses, and precise economic interests of its underlying members.

3. Bankruptcy Rule 2019 is not an optional procedural technicality; it is a fundamental transparency mechanism. It ensures that the Court, the Debtor, and parties in interest understand the "true economic positions" of multi-member groups acting in concert. The Ad Hoc Committee cannot continue to operate in secrecy.
4. Mandatory Disclosure Requirements

Rule 2019 statement must include the following information:

**Group Formation**: The exact facts, circumstances, and dates surrounding how your ad hoc committee or group was organized.

**Member Details**: The formal legal name and mailing address of every single creditor or equity holder belonging to the group.

**Economic Interests**: The precise nature and dollar amount of each member's "disclosable economic interest" regarding the debtor (e.g., senior notes, trade claims, or equity shares).

**Acquisition Details**: The quarter and the year in which each specific economic interest was acquired by the member.

**Authorization Instruments**: A copy of the underlying document or instrument authorizing your legal counsel or group leadership to act on behalf of the members (such as redacted signature pages of your group's joinder or engagement agreements).

## BACKGROUND

On 6/09/2026 the Ad Hoc Committee filed for a letter for permission to file motion to substitute the MDT for the Ad Hoc Committee in the appeals (or in the alternative to intervene as an Appellee).

Counsel for the Ad Hoc Committee, HSF Kramer, purports to represent a group of multiple creditors.

 As of the date of this filing, more than 50 days have elapsed since the Ad Hoc Committee injected itself into this matter. The Ad Hoc Committee has completely failed to file a Verified Rule 2019 Statement.

## Argument

### A. The Ad Hoc Committee is Expressly Subject to Rule 2019

FRBP 2019(b)(1) explicitly applies to every "group or committee as defined in these rules" consisting of or representing more than one creditor or equity security holder that takes a position before the court.

The Ad Hoc Committee possesses all standard indicators of an entity subject to Rule 2019: it operates under a collective name, features multiple creditors holding similar claims, files joint pleadings, and acts through a single retained legal counsel (*see, e.g., In re Washington Mut., Inc.*, 419 B.R. 271). Consequently, filing a verified statement is mandatory.

### B. The Ad Hoc Committee Has Failed to Disclose Mandatory Financial Information

Rule 2019(c) commands that the verified statement include the name and address of each member, the nature and amount of each disclosable economic interest, and the specific quarters/years of acquisition.

By refusing to file, the Ad Hoc Committee conceals critical information from this Court—including whether members bought their debt for pennies on the dollar post-petition or hold short positions that conflict with the general body of creditors.

The Court should bar the Ad Hoc Committee's legal counsel from presenting oral arguments or participating in hearings until it achieves full compliance.

Amanda Morales
205 Calle Del Banco
Bernalillo, NM 87004
(505)318-2400
Ajlare356@gmail com



**CERTIFICATE OF SERVICE**

HEREBY CERTIFY that on this July 29, 2026 a copy

of the document(s) entitled **MOTION TO COMPEL AD HOC COMMITTEE TO COMPLY WITH BANKRUPCY RULE 2019**

To Defendants was/were emailed to.

**Herbert Smith Freehill Kramer (US) LLP (Ad Hoc Committee)**

Rachael Ringer Rachael.Ringer@hsfkramer.com

David Blabey David.Blabey@hsfkramer.com

Kenneth Eckstein Kenneth Kenneth.Eckstein@hsfkramer.com