USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 10/30/2026

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

AMANDA MORALES

*APPELLANT*

V.

Purdue Pharma L.P.,st al. Chapter 11
PURDUE PHARMA L.P., P.F. LABORATORIES, INC.,

PURDUE PHARMACEUTICALS L.P., PURDUE PHARMA TECHNOLOGIES, INC., and RHODES TECHNOLOGIES,

*APPELLEE*

CASE NO. 25-CV-10158

On Appeal Southern District Bankruptcy Court NY

**PETITIONER'S MOTION FOR A MERITS CARVE-OUT AND SEGREGATION OF $3,000,000 IN FUNDS PENDING RESOLUTION OF CONSOLIDATED APPEALS**

Petitioner, appearing pro se, hereby moves this Court for an Order directing the Plan Administration Trust, the Liquidating Debtors, and/or the Disputed Claims Reserve to segregate and carve out the sum of $3,000,000.00 from ongoing estate distributions pending the final resolution of Petitioner's consolidated appeals. In support of this Motion, Petitioner

**The Premature to Moot Procedural Loop**

Petitioner filed:

Summary Judgment Motion (2021)

Complaint & Discharge Objection (2024) (Judge Lane denied motion without a hearing and claimed issues had "already been decided" when they hadn't been decided docket no.6274 March 27, 2024, never had I had any hearing with him at this point and he had already had his mind made up about my claims, complete denial of due process )

Standing Motion (2024)

Class Certification Motion (2024)

Judicial Notice Motion (2024)

Objection to Extension of Injunction (2025)

Objection to Dischargability decided at Confirmation(2025)

Each was deferred as "premature." After confirmation, the same claims were dismissed as moot, enjoined, or barred. This violates the core due process principle that litigants must receive "the opportunity to be heard." Mullane v. Central Hanover Bank, 339 U.S. 306 (1950). I have been denied due process and was promised the merits would be decided "at a later date" and that never happened.

I filed motion to take Judicial Notice in April 2024 and didn't get a hearing until February 2025. Judge Lane didn't issue an order and opinion until October 2025. A whole year and a half from when it was filed to getting a ruling on the motion.

My constitutional due process claims cannot be swept away merely by the rapid execution of a confirmation order.

An objection to dischargeability is inherently distinct from an objection to plan confirmation itself. Winning an objection to dischargeability does not require unwinding or undoing the entire confirmed plan; it simply means a specific debt survives the bankruptcy. Granting me a hearing on the merits of my discharge objection does not claw back funds distributed to other creditors under the plan, nor does it threaten the viability of the reorganized debtor. It merely leaves my claims alive as a post-confirmation liability. intact. In my complaint / objection to discharge debt $3 million is the amount requested that was denied due process. Claimants were told we couldn't talk about specific facts about our claims so the evidence was never decided at confirmation hearing.

1. **The Pre-Confirmation Deferral Was an Abuse of Discretion**

When the court deferred my 2024 Complaint and Discharge Objection as "premature," it knew (or should have known) that corporate confirmation carries a broad discharge. By delaying my opportunity to prove "willful and malicious injury" before confirmation, the court allowed the debtor to use the confirmation process as a shield to extinguish a live tort claim. I was denied a meaningful opportunity to be heard at a time when the court could still fashion a remedy.

2. **Willful Injury as an Administrative Expense or Alter Ego**

My claims should have been treated as an Administrative Expense under § 503(b), which must be paid in full under a confirmed plan and cannot be discharged. Alternatively, if the corporation is a mere shell for individuals who committed the willful injury, alter ego/individual liability, which corporate confirmation cannot legally discharge. I actually filed a motion to pierce the corporate veil and it was never answered and never ruled on. [Docket No. 7940 10/06/2025] prior to confirmation hearing.

3. **Due Process Trumps Statutory Discharge**

Cite Mullane. A statutory mechanism (§ 1141 corporate discharge) cannot be applied in a way that violates the Fifth Amendment Due Process Clause. If a creditor is actively prosecuting a willful injury claim, and the court promises the merits will be heard "at a later date," the court cannot dynamically use confirmation to wipe out the claim. The promise of a future hearing is what induced my reliance; breaking that promise by declaring it "moot" makes the entire process unconstitutional.

Under § 1129(a)(9)(A), a plan cannot be legally confirmed unless it provides for the cash payment of all allowed administrative claims on the effective date. The court bypasses this by refusing to rule on whether my claim was allowed

**4.Petitioner's Claim Is Scientifically and Legally Distinct**

Petitioner's father died in January 2010 from the combined pharmacodynamics interaction of OxyContin, amitriptyline, and citalopram. His autopsy attributes the cause of death to the "combined action" of these drugs. These interactions involve CYP450 metabolic competition, serotonin syndrome toxicity, and metabolic amplification—mechanisms wholly different from addiction, habituation, or misuse. Oxycontin changed the warning label in 2016 and the FDA safety announcement listed amitriptyline and citalopram as medications that interact with OxyContin and cause serotonin syndrome and death.

Purdue knew of these dangers. Under a 2007 plea agreement 2007-2012 Purdue's Corporate Integrity Agreement, Purdue was required to track and report adverse drug interaction data Yet Purdue failed to warn prescribers or patients until 2016, when the FDA forced a class wide black box warning change. Petitioner discovered

this only during the bankruptcy case in 2021, eleven years after her father's death. I filed a motion for summary judgment, it was denied at a hearing 2 weeks prior to approving the confirmation plan. The case was appealed In Harrington v. Purdue Pharma L.P., the Supreme Court ruled 5-4 that the Chapter 11 bankruptcy code does not allow non-consensual third-party releases.

Judge Lane stated in the Modified Bench Ruling on Confirmation when he decided my Objection to Dischargability that "distinctions didn't meaningfully alter claims." Distinctions *do* alter claims.

**CONCLUSION AND RELIEF SOUGHT** If the Trust is permitted to distribute its remaining assets while Petitioner's consolidated appeals are pending, the Debtors will have successfully used a court-mandated timeline to escape liability. Equity requires that the funds be preserved so that the court's promise to hear the merits "at a later date" remains viable.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order: a) Directing the Plan Administration Trust, the Liquidating Debtors, and/or the Disputed Claims Reserve to immediately carve out, segregate, and hold in escrow the sum of $3,000,000.00 pending final resolution of these consolidated appeals; and b) Granting such other and further relief as this Court deems just and proper.

Amanda Morales

ajlare356@gmail.com

(505) 318-2400

Dated: October 23, 2026

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this October 23, 2026 a copy PETITIONER'S MOTION FOR A MERITS CARVE-OUT AND SEGREGATION OF $3,000,000 IN FUNDS PENDING RESOLUTION OF CONSOLIDATED APPEALS

Of the document(s) entitled To Defendants was/were emailed to.

Marshall Huebner marshall.huebner@davispolk.com Ad Hoc Committee of governmental creditors

Kane, Wendy • wendy.kane@hsfkramer.com

Committee of unsecured creditors

PurdueAkinFR@akingump.com

The Court is in receipt of and has reviewed Appellant's motion for a merits carve-out and segregation of $3,000,000 pending resolution of the consolidated appeals. Construing the motion liberally, the Court treats it as a request for relief preserving the status quo pending appeal. A party ordinarily must seek such relief first in the Bankruptcy court. A party who moves in the district court instead must show that moving in the Bankruptcy court first would be impracticable, or that the Bankruptcy court denied relief. See Fed. R. Bankr. P. 8007(a)(1), (b)(2). Appellant makes neither showing. Accordingly, the motion is DENIED without prejudice.

The Clerk of Court is respectfully directed to mail a copy of this Endorsement to pro se Appellant at the address listed on ECF, to note service on the docket, and terminate the motion at ECF No. 71.
SO ORDERED.

Dated: 10/30/2026
White Plains, NY

Nelson S. Román, U.S. District Judge